UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LONDELL HARPER | CIVIL ACTION |
| VERSUS | NO. 26-1071 |
| TRAVIS W. DAY, ET AL. | SECTION "N"(3) |

**ORDER AND REASONS**

Before the Court is a Report and Recommendation from the Magistrate Judge recommending that Plaintiff Londell Harper's claims be dismissed without prejudice following mandatory screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1] Harper filed an objection.[2] After *de novo* review of the Report and Recommendation, the objection, the record, and applicable law, the Court adopts the Report and Recommendation as the opinion of the Court and overrules Harper's objection.

Harper, who is currently incarcerated, filed his case *pro* se and *in forma pauperis*, alleging claims pursuant to 42 U.S.C. § 1983 against Warden Travis Day, Carolyn Thomas, Kristin Herbert, Lemanda Magee, Jennifer Ellington, and the Department of Corrections.[3] His claims center on the Department's calculation of good time credit and time served in relation to his sentence. He seeks compensatory and punitive damages.[4] The Magistrate Judge recommended that (1) his claims against defendants in their individual capacities be dismissed without prejudice to his right to pursue habeas relief; (2) his claims against the Department of Corrections

[1] Rec. Doc. 8.
[2] Rec. Doc. 9.
[3] Rec. Doc. 1.
[4] *Id.* at 5.

and the official-capacity claims against Warden Day, Thomas, Herbert, Magee, and Ellington be dismissed without prejudice for lack of subject matter jurisdiction and for seeking monetary relief from an immune defendant; and (3) the Court decline to exercise supplemental jurisdiction over any state law claims and that such claims be dismissed without prejudice.[5]

Harper objects to the Report and Recommendation on the grounds that Day, Thomas, Herbert, Ellington, Magee, and the Department of Corrections are not immune.[6] He fails to provide any legal support or argument in support of this position. As the Magistrate Judge discussed, the Department of Corrections is immune from suit under the doctrine of sovereign immunity because it is a state agency and the State of Louisiana has not waived its sovereign immunity.[7] As for the individual defendants, these are state employees sued in their official capacities for monetary damages. As such, and as the Report and Recommendation discusses, they are not considered persons subject to suit under § 1983.[8] Instead, a suit against a state official in her or her official capacity is, in substance, a suit against the official's office and thus not a "person" against whom a § 1983 claim for money damages may be asserted.[9]

Harper further objects on the ground that the applicable regulation and defendants' application of law relating to earned credits are arbitrary and capricious,

---

[5] Rec. Doc. 8 at 15.
[6] Rec. Doc. 9 at 2.
[7] *Champagne v. Jefferson Par. Sheriff's Off.*, 188 F.3d 312, 313-14 (5th Cir. 1999).
[8] Rec. Doc. 8 at 12.
[9] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

not reasoned or rational, and a violation of the "ex post facto prohibition."[10] Again, the Court adopts the Report and Recommendation's conclusion that Harper's challenge is one to "'the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment,'" such that "'his sole federal remedy is a writ of habeas corpus.'"[11]

Accordingly,

**IT IS ORDERED** that Harper's § 1983 claims against defendants Warden Travis W. Day, Carolyn Thomas, Kristin Herbert, Lemanda Magee, and Jennifer Ellington in their individual capacities are **DISMISSED WITHOUT PREJUDICE** to his right to pursue habeas relief.

**IT IS FURTHER ORDERED** that Harper's § 1983 claims against defendants the Department of Corrections, and the official capacity-claims against Day, Thomas, Herbert, Magee, and Ellington are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and for seeking monetary relief from an immune defendant.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over any state law claims and that such claims are **DISMISSED WITHOUT PREJUDICE.**

---

[10] Rec. Doc. 9 at 2.
[11] Rec. Doc. 8 at 8 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

New Orleans, Louisiana, this 10th day of September, 2026.

Anna St John

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE